UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 6:21-CR-23-REW-HAI |
| Plaintiff, ) | |
| ) | |
| v. ) | RECOMMENDED DISPOSITION |
| ) | |
| DONNIE ALLEN SMITH, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On September 28, 2021, the Court conducted an in-person competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d).[1]  D.E. 36.  As the Court previously explained:

> On July 2, 2021, Defendant Donnie Allen Smith, through counsel, moved for a competency examination. D.E. 22. Among other issues, defense counsel expressed concerned about Defendant's recent exhibition of "strange" and "uncharacteristic behaviors." Defendant also tells counsel he is "becoming paranoid, experiencing delusions or hallucinations, and . . . needs help." Counsel thinks the change in Smith's medication since he went to jail "appears to be altering his mind and the ability to think clearly" such that Defendant "cannot properly assist in his defense at this time." *Id*. No bond report has been prepared because Defendant was formerly in state custody and was brought here on a writ.
>
> On July 9, 2021, the Court conducted an initial competency hearing. Defense counsel explained that Defendant had undergone outpatient mental health treatment prior to his state incarceration and while out on parole. He was prescribed multiple psychotropic medications. While in state custody, he was sent several times to the Kentucky Correctional Psychiatric Center.
>
> According to counsel, about three weeks ago, Defendant contacted her and reported the jail had changed his medications. Counsel does not know what medications he is taking now, although records have been requested. Counsel then

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

noticed a change in behavior. Defendant had experienced hallucinations and was acting emotional and agitated. According to counsel, his mental faculties appear to have diminished. He has trouble focusing and concentrating to the extent that counsel believes he is unable to participate in the defense. He seemed "not fully present in his cognitive abilities." The government had no objection to a competency evaluation.

D.E. 26 at 1-2.

A psychological examination pursuant to 18 U.S.C. §§ 4241(b) was ordered to be conducted at FMC Lexington. D.E. 29. Defendant's trial is continued generally. D.E. 27.

Prior to the final competency hearing, all parties had access to the Forensic Report ("the Report") prepared by Dr. Kristen Schramm, Psy.D. D.E. 35. In the Report, Dr. Schramm opined that Defendant is competent to proceed. *Id*. at 7-8. At the final hearing, the parties stipulated to the admissibility of the Report, as well as to the Report's findings. The parties also waived introduction of other proof or argument and waived the right to examine or cross-examine the evaluator.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreement among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[2] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

Defendant stipulated as to both the admissibility and the substance of the Report. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Schramm. The Report reflects personal observation, a review of Defendant's available medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Schramm directly observed Defendant via interviews and subjected him to a battery of psychological testing. D.E. 35. Dr. Schramm also contacted defense counsel Kelly Ridings, who explained the background to her competency concerns. *Id*. at 2, 5. And Dr. Schramm reviewed hours of recorded phone calls Defendant made while at FMC Lexington. *Id*. at 3-4.

---

[2] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

3

According to the Report, Defendant exhibited no signs of mental illness and performed well on evaluations designed to gauge his ability to understand court proceedings. Dr. Schramm did not find that Defendant could be diagnosed with *any* mental illness. D.E. 35 at 7. He did perform poorly on the MMPI-2-RF, but Dr. Schramm believed Defendant was "over-reporting" and his results on the exam were invalid and uninterpretable. *Id*. at 5. The Report found "there was no indication during the course of the evaluation that Mr. Smith has a mental disease or defect which would render him unable to conform his behavior to the demands and expectations of a courtroom setting." *Id*. at 7. The Report concluded:

> Absent any significant stressors, no major changes in the defendant's mental state are anticipated. It is this examiner's opinion that Mr. Smith does not currently have a mental disease or defect which would have an adverse impact on his ability to proceed with his legal case, to include sentencing if convicted. Mr. Smith evidenced an appreciation and understanding of courtroom procedures, the roles of various court personnel, his charges and potential penalties, his role as a defendant, and the nature of legal proceedings. Furthermore, he demonstrated the capacity to work with his attorney to assist in his defense, should he choose. He, therefore, has the requisite abilities to proceed.

D.E. 35 at 7-8.

At the final hearing, defense counsel had no evidence to contradict the report. She said the report was consistent with her interactions with Defendant since his return to this District.

In the Report, Dr. Schramm accurately applied the *Dusky* standard as codified in 18 U.S.C. § 4241(a) to determine that Defendant is competent. D.E. 35 at 1, 7-8. The Report unambiguously supports a finding that both prongs of the *Dusky* competency test are met in this case, and its conclusions are unrebutted. The Court also observed and interacted with Defendant at his competency hearing. Defendant was composed and respectful to the Court throughout the proceedings and understood their nature.

4

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings, to include sentencing, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Any objection must be filed within **FOURTEEN DAYS** of the entry of this order. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of the objections period, this matter will be referred to Judge Wier for his consideration.

This the 28th day of September, 2021.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge

5