UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:21-CR-23-REW-HAI |
| v. | ) | |
| | ) | |
| DONNIE ALLEN SMITH, JR., | ) | ORDER |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court must consider the Recommended Disposition (DE 37) of United States Magistrate Judge Hanly A. Ingram, addressing whether Defendant Smith is competent to stand trial pursuant to 18 U.S.C. § 4241. *See* DE 22 (Defendant's Motion); DE 36 (Minute Entry for Competency Hearing). In July of 2021, Defendant moved for an examination of his trial competency. DE 22. Judge Ingram granted that motion, and Dr. Kristen M. Schramm, a Forensic Psychologist, conducted a custodial evaluation. DE 35, DE 36. Dr. Schramm concluded that Smith is competent to stand trial. DE 35 (Sealed Psychiatric Report).

After Dr. Schramm's report was filed and made available to the parties, Judge Ingram conducted a competency hearing. DE 36. Upon completion of that hearing, Judge Ingram recommended that the Court find Smith competent to proceed, based on Dr. Schramm's psychiatric evaluation and Defendant's and his counsel's representations at the hearing. DE 37. The recommendation, filed on September 28, 2021, advised the Parties that any objections must be filed within fourteen (14) days of its entry. *Id.* at 5. This period has lapsed, and neither party has objected. Judge Ingram correctly stated the standard and questions presented, and he followed the proper procedures under § 4241.

1

This Court reviews *de novo* those portions of the Recommended Disposition to which a party objects. 28 U.S.C. § 636(b)(1). But the Court is not required to "review . . . a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the parties do not object to the magistrate judge's recommendation, they waive any right to review. *See* Fed. R. Civ. P. 59; *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."); *see also United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits his right to appeal its adoption).

The Court has assessed the full record and Judge Ingram's thorough recommendation. His recommendation relies significantly on Dr. Schramm's report. That detailed report applied the *Dusky* and statutory standard faithfully, finding that "Mr. Smith does not currently have a mental disease or defect which would have an adverse impact on his ability to proceed with his legal case, to include sentencing if convicted." DE 35 at 7-8. The expert grounded her findings in a battery of recognized tests, personal interviews (5 hours' worth) with Defendant, auditing Defendant's history and phone calls, independent staff observations, and a lengthy evaluation period. DE 35. Although Smith performed poorly on one exam, the MMPI-2-RF, Dr. Schramm concluded that Defendant was "over-reporting"—rendering "the remainder of his [exam] profile invalid and uninterpretable." DE 35 at 5. All other signs indicated he was competent. DE 35. And the competency hearing corroborated Dr. Schramm's opinions as Smith remained "composed and respectful throughout the proceedings and understood their nature." DE 37. The only evidence in the record is proof in support of competency.

In sum, "the Court finds no evidence to show that Defendant is not competent." *Id.* at 5. The defense stipulated to the report and to its conclusions. Judge Ingram perceived no contrary information. The lone supported conclusion under the statute is competency. Judge Ingram recommended this conclusion, and Smith did not object. The Court agrees.

Accordingly, the Court **ADOPTS** the Recommended Disposition (DE 37) and **FINDS** Smith competent to face further proceedings in this matter, including trial.

The parties shall file a joint report by November 19, 2021 indicating trial readiness, any time needed for full preparation, and any other status matter of note. The Court then will reset the trial date.

This the 10th day of November, 2021.

Signed By:
*Robert E. Wier*
United States District Judge